## Case No. 2,800.

### In re CLARK.

[2 Biss. 73; [1] 3 N. B. R. 16 (Quarto, 3); 1 Chi. Leg. News, 113.]

District Court, N. D. Illinois. Dec. Term, 1868.

#### DISCHARGE OF INVOLUNTARY BANKRUPT.

1. An involuntary bankrupt may be discharged unless some act specified in the 29th section [of the act of 1867 (14 Stat. 531)] is proved against him.

[Cited in Re Bunster, Case No. 2,136.]

2. His estate having been administered upon, and the object of the law having been fulfilled, if he has acted in good faith there is no reason why he should be compelled to go through the vain ceremony of filing a voluntary petition.

Application by involuntary bankrupt for discharge.

DRUMMOND, District Judge. In this case the register of the first district has certified to the court that there is no opposition to the discharge of the bankrupt by any creditor, and that he is entitled to his discharge provided it is competent in law to discharge an involuntary bankrupt.

I understand, also, that doubt has been expressed on this point in other quarters, and I have therefore examined the question. It is rather singular that the bankrupt law nowhere refers in express words to the discharge of an involuntary bankrupt, but I think that the necessary conclusion from the whole law is, that the fact of the applicant being an involuntary bankrupt should not of itself alone prevent his discharge.

The 42d section declares, that "the warrant shall be directed, and the property of the debtor shall be taken thereon and shall be assigned and distributed in the same manner and with similar proceedings to those hereinbefore provided for the taking possession, assignment, and distribution of the property of the debtor upon his own petition." The object in both cases—voluntary and involuntary—is the same, the distribution of the assets of the bankrupt among his creditors in conformity with the modes pointed out by the law.

Undoubtedly, if the act of bankruptcy alleged and proved against the involuntary bankrupt comes within any of the alternatives specified in the 29th section, which prevent or render invalid any discharge, he should not be discharged; but if there be nothing of that kind set forth in the petition by the creditor, nor otherwise shown, I see no good reason why the party should be compelled to go through the vain cere-

---

[2] [From 6 N. B. R. 197.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

mony of filing a petition himself, to be released from his debts, when his debts and assets have just been administered by the bankrupt court, at the instance of a creditor. For example, under the 39th section, if a debtor shall conceal himself to avoid the service of legal process in an action for the recovery of a debt or demand provable under the act—that would constitute an act of bankruptcy, and authorize proceedings by a creditor against him, but unless that concealment were accompanied with some of the acts or omissions specified in the 29th section it would not prevent his discharge; and so of some other acts of bankruptcy mentioned in the 39th section. Upon principle, if the involuntary bankrupt has acted in good faith, there is no good reason why he should not be released from the payment of his debts upon the surrender of all his property to the assignee, as well as the volunteer; and, though the language of the act touching discharges applies generally if not always to those who have filed their own petition, yet I think the necessary implication is that if the 29th section does not prevent it, the involuntary bankrupt is entitled to his discharge.

It seems to me if congress had intended to exclude all involuntary cases, without distinction from the relief of a discharge, it would have been clearly expressed. But there are two words used in a parenthesis in the form of discharge given in the 32d section, which, though it is merely in a form, and the law declares that the form of a certificate may be that in substance, yet would seem to indicate that the discharge might be as well of the involuntary as voluntary bankrupt: "On which day the petition for adjudication was filed by (or against) him." There is also, possibly, an inference to be drawn from the language used in the beginning of the 30th section, in favor of the opinion already intimated, by the words "on his own application," and a similar inference may be drawn from parts of the 36th and 37th sections.

On the whole, therefore, I can have no doubt that in a proper case an involuntary bankrupt may be discharged.

This is also declared to be the law in Re Bunster [Case No. 2,136].